## HALL, PLAINTIFF IN ERROR, v. THE PEOPLE, DEFENDANT IN ERROR.

IMPEACHING EVIDENCE.

In a criminal prosecution, it is not competent for the defense to introduce evidence for the sole purpose of impeaching the credibility of a person not a witness for the people.

*Error to the District Court of El Paso County.*

Mr. J. M. BRINSON, for plaintiff in error.

Mr. EUGENE ENGLEY, attorney general, for the People.

Indictment and conviction for an assault with intent to commit the crime of rape. The defendant brings the cause to this court by writ of error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Two grounds for reversal are urged in this court.

1. After the evidence on the part of the prosecution had been given, Mr. Stephenson was called and sworn as a witness in behalf of defendant. On inquiry he testified that he was the father of the little girl whom defendant was accused of having assaulted with criminal intent, and that he (the father) made the criminal complaint in the case. An anonymous letter was then handed to the witness, and he was asked whether he had sent the same to defendant. He replied that he had not; that he had never written and had never sent any such letter. The letter was as follows: " Colorado Springs. Mr. Hall: If you think your freedom is worth five hundred dollars, you know where to come or send your friends." Counsel for defendant offered to prove that the letter was in the handwriting of the witness Stephenson. The refusal of the trial court to admit such proof is com-

plained of.   The refusal was not error.   The only effect of the proof would have been to discredit the character of the father by showing that he was willing to compromise for money the alleged criminal assault upon the person of his infant daughter.   The admission of such evidence would have introduced a purely collateral issue.   This was a people's case,—a criminal prosecution.   The father was not a party, nor had he testified as a witness against defendant. The criminal complaint made as a basis for defendant's arrest and preliminary examination, was not evidence on the trial before the jury, nor did it appear that the father had controlled or influenced any evidence given in the case.   Not being a party, the father's declarations were not substantive evidence; and, not being a witness for the people, it was not competent for the defense to introduce evidence for the sole purpose of impeaching his credibility.

2. Upon careful examination we are not able to say that the verdict is unsupported by the evidence.   The jury, upon competent evidence given by several witnesses in open court, found defendant guilty, and the trial court confirmed the finding.   Under such circumstances, no substantial error appearing in the record, it is not the province of the appellate court to disturb the verdict.   The judgment is accordingly affirmed.

*Affirmed.*